IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America | Cr. No. 3:19-307-CMC |
| v. | |
| McKinley Earl Morant, | **Opinion and Order** |
| Defendant. | |

Defendant seeks relief pursuant to 28 U.S.C. § 2255, arguing that in light of the Supreme Court's holding in *Johnson v. United States*, 576 U.S. __, 135 S.Ct. 2551 (2015), he is not an armed career criminal and should be resentenced. ECF No. 69. He also argues his conviction under 18 U.S.C. § 922(g) for felon in possession of a firearm is invalid under *Rehaif v. United States*, 139 S. Ct. 2191 (2019). The Government filed a motion for summary judgment. ECF No. 81. Defendant filed a reply. ECF No. 85. This matter is ripe for resolution.

**I.  Background**

On August 7, 2012, Defendant was indicted for (1) possession with intent to distribute a quantity of a mixture or substance containing a detectable amount of methamphetamine, and a quantity of marijuana, in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(C), and 841(b)(1)(D); (2) felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e); and (3) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). ECF No. 3. On September 11, 2019, Defendant entered into an Amended Plea Agreement to plead guilty to count two, felon in possession of a firearm. ECF No. 51. The Plea Agreement contained a waiver of Defendant's rights to pursue an appeal or file a motion under § 2255 with

limited exceptions. *Id.* Defendant entered a guilty plea pursuant to the Amended Plea Agreement on September 25, 2019. ECF No. 53.

A Pre-Sentence Report (PSR) concluded Defendant was an Armed Career Criminal under the Armed Career Criminal Act ("ACCA"), facing a mandatory minimum term of imprisonment of fifteen (15) years and a maximum term of life imprisonment. ECF No. 65. The PSR found that Defendant's prior South Carolina convictions for armed robbery were violent felonies under the ACCA. *Id.* at ¶ 26.[1] The Armed Career Criminal enhancement resulted in an offense level of 34. *Id.* at ¶ 67. With the three point decrease for acceptance of responsibility, Defendant's total offense level was 31, criminal history category VI, resulting in a guideline range of 188-235 months. *Id.* at ¶ 87. There were no written objections to the PSR.

On January 8, 2020, Defendant appeared for sentencing. Defendant made an oral objection to his designation as an Armed Career Criminal, which was overruled. ECF No. 61. An oral motion to vary downward from the Guidelines was denied. ECF Nos. 60, 61. The court sentenced Defendant to 188 months' imprisonment and a three-year term of supervised release. ECF No. 62. Defendant did not appeal. He filed the instant, timely motion on June 25, 2020. ECF No. 69.

## II. The ACCA

A conviction for felon in possession typically carries a statutory maximum sentence of ten years in prison. *See* 18 U.S.C. § 924(a)(2). However, if the accused has three or more previous convictions for certain types of felonies, he is subject to an enhanced minimum sentence of fifteen

---

[1] Also identified as an ACCA predicate was a conviction for South Carolina attempted armed robbery. *Id.* at ¶ 27.

years imprisonment with a maximum term of life imprisonment. Title 18 U.S.C. § 924(e)(1) provides:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . .

As is relevant to this case, the statute defines "violent felony" as

> any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that– (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .

18 U.S.C. § 924(e)(2)(B). The first clause, § 924(e)(2)(B)(i), is typically referred to as the "use of force" clause ("has as an element the use, attempted use, or threatened use of physical force against the person of another."). The first part of the second clause, § 924(e)(2)(B)(ii), lists specific offenses – burglary, arson, extortion, offenses involving use of explosives – and is commonly denoted as the "enumerated offense" clause. Finally, the portion of § 924(e)(2)(B)(ii) covering a conviction that "otherwise involves conduct that presents a serious potential risk of physical injury to another" is generally referred to as the "residual clause."

    a. *Johnson* and *Welch*

On June 26, 2015, the Supreme Court held the residual clause of the ACCA violates due process as it "denies fair notice to defendants and invites arbitrary enforcement by judges." *Johnson*, 576 U.S. at __, 135 S. Ct. at 2557. By holding the ACCA residual clause unconstitutionally vague, the Court narrowed the predicate offenses that could serve to enhance a

3

sentence to those that qualify under the enumerated or force clauses. The ACCA residual clause can no longer support a defendant's classification as an armed career criminal. On April 18, 2016, the Supreme Court decided *Welch*, holding the newly established right recognized in *Johnson* retroactive to cases on collateral review. 578 U.S. __, 136 S.Ct. at 1259

### III. Discussion

#### a. Defendant was properly found to be an Armed Career Criminal

Defendant challenges the use of his five South Carolina robbery convictions as ACCA predicates. He argues he was convicted and sentenced on the same day for all five and the sentences imposed were concurrent; therefore, they should not be counted as separate convictions. ECF No. 69 at 5. The Government argues the five robbery convictions were correctly counted, because they were "committed on different occasions from one another." ECF No. 81-1 at 6. It also contends this claim is barred by the post-conviction waiver in Defendant's Amended Plea Agreement and must be dismissed. *Id.* at 7-8. In his reply, Defendant also argues his robbery convictions should not be considered crimes of violence under the ACCA because robbery is not enumerated in the statute. ECF No. 85. He contends under Sentencing Guideline § 4B1.2(a)(1), any sentence imposed on the same day only counts as one conviction. *Id.* at 2. He states he was misled by his counsel, and therefore argues he did raise a claim of ineffective assistance of counsel as allowed under the Amended Plea Agreement. *Id.*

Defendant's argument that South Carolina robbery is not a violent felony under the ACCA because robbery is not listed in the enumerated clause fails. The Fourth Circuit has held South Carolina robbery is a violent felony under the force clause of the ACCA. *United States v. Doctor*,

4

842 F.3d 306 (4th Cir. 2016).[2]  South Carolina courts define robbery as the "felonious or unlawful taking of money, goods, or other personal property of any value from the person of another or in his presence by violence or by putting such person in fear." *Id.* at 309 (citing *State v. Rosemond*, 589 S.E.2d 757, 758 (S.C. 2003)).  The Fourth Circuit examined cases defining and interpreting South Carolina law to conclude that robbery by either putting someone in fear or by actual violence satisfies the force clause by requiring the threat or use of "violent force."  *Id.* at 312 ("South Carolina has defined its common law robbery offense, whether committed by means of violence or intimidation, to necessarily include as an element the 'use, attempted use, or threatened use of physical force against the person of another.'").  The court also rejected defense arguments that South Carolina robbery could be committed by violent force against property instead of a person, without an intentional use of force, and by using *de minimis* actual force (in contrast to North Carolina's common law robbery offense).  Therefore, the court determined that South Carolina robbery "necessarily" has as an element the use, attempted use, or threatened use of physical force, and thus qualifies as a violent felony under the force clause of the ACCA.  *Id.*[3]

Defendant's argument regarding the five robberies counting as one is similarly unfounded.  They were committed on different dates: June 17, 2001, June 23, 2001, June 29, 2001, June 30, 2001, and July 1, 2001.  ECF No. 65 at ¶ 26.  At sentencing, the court discussed the separate

---

[2] *Doctor* noted "South Carolina strong arm robbery and common law robbery are synonymous terms for a common law offense whose penalty is provided for by statute."  *Id.* at 308 n.1.  Therefore, the Fourth Circuit simply referred to this offense as "South Carolina robbery" throughout the opinion.

[3] As the robberies qualify as ACCA predicates under the force clause, they need not fall under the enumerated clause as Defendant argues.

5

occasions issue with Defense counsel, who noted he discussed it at length with Defendant and explained such an objection would be unfounded under the law. ECF No. 75 at 5.[4] The court reviewed the issue, and determined Defendant was an Armed Career Criminal.[5] The argument similarly fails now. The Fourth Circuit has held robberies or burglaries on the same day, but at two different locations with two different victims were distinct crimes, committed on separate occasions. *United States v. Linney*, 819 F.3d 747, 751 (4th Cir. 2016). Viewing the five factors in the analysis as applied to this case, it is clear these robberies were committed on separate occasions and are therefore separate violent felonies under the Armed Career Criminal Act. *Id.* ("We have come to rely on five factors to determine whether predicate ACCA offenses were committed on different occasions: (1) whether the offenses "arose in different geographic locations"; (2) whether "the nature of each offense was substantively different"; (3) whether each offense "involved different victims"; (4) whether each offense "involved different criminal objectives"; and (5) whether "the defendant had the opportunity after committing the first-in-time offense to make a conscious and knowing decision to engage in the next-in-time offense."). The *Shepard* documents showed the robberies took place on different days, most were in different locations (the robberies on June 29 and June 30 were committed at the same location), and had different victims. ECF No. 65-3. Defendant had the opportunity after each robbery to decline to

---

[4] Counsel did note Defendant was correct about the robberies counting as one under the Sentencing Guidelines, and noted he believed that's where much of the confusion remained, but had explained to Defendant the Armed Career Criminal statute is not governed by the Guidelines. *Id.*

[5] The court also noted he signed an Amended Plea Agreement with an appeal waiver, so he would not be able to challenge the issue on appeal. *Id.* at 6.

commit the next offense, and failed to do so. The court therefore again finds Defendant was properly found to be an Armed Career Criminal, and remains so. Regardless of whether this claim was raised as ineffective assistance of counsel or otherwise, it fails. The Government's motion for summary judgment on these grounds is granted, and those portions of Defendant's motion are dismissed.

    b. *Defendant's §922(g) conviction is valid under Rehaif*

In *Rehaif*, the Supreme Court held in order to sustain a conviction under 18 U.S.C. § 922(g) for felon in possession of a firearm, the Government must prove Defendant knew the facts that made his possession unlawful and therefore knew he was prohibited from possessing the firearm (the "knowledge-of-status element"). *Rehaif*, 139 S. Ct. at 2200. Defendant argues the Government did not prove he knew he belonged to the category of persons barred from possessing a firearm, his guilty plea was not knowing because he was misinformed of the elements of the statute and he did not plead guilty to knowing he could not possess a firearm, and the indictment was invalid because it failed to state the knowledge-of-status element. ECF No. 69 at 6-9. The Government argues Defendant was specifically advised of the knowledge-of-status element, as clear from the Superseding Indictment and Plea Colloquy. ECF No. 81-1 at 8.

Defendant's arguments regarding his § 922(g) conviction fail, as he does not have a valid claim under *Rehaif*. The Indictment in his case was superseded on August 6, 2019, to explicitly include the knowledge-of-status element of the § 922(g) claim. ECF No. 42 at 2 (Defendant knowingly possessed a firearm and ammunition in and affecting commerce . . . "having been previously convicted of a crime punishable by imprisonment for a term exceeding one year and knowing that he had been convicted of such a crime."). The Amended Plea Agreement stated the

7

Government must prove, in part, that Defendant "knew he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year." ECF No. 51 at 1. In the Plea Colloquy, the court asked Defendant the following:

> **THE COURT**: All right. Mr. Morant, on that day when they found that weapon in the car, was that yours?
> **DEFENDANT MORANT**: Yes, ma'am.
> **THE COURT**: All right. And you knew it was there?
> **DEFENDANT MORANT**: Yes, ma'am.
> **THE COURT**: All right. And do you admit that as of that date, you had previously been convicted of a crime punishable by a term exceeding one year?
> **DEFENDANT MORANT**: Yes, ma'am.
> **THE COURT**: And had you actually served more than a year?
> **DEFENDANT MORANT**: Yes, ma'am.
> **THE COURT**: *So you knew that you were disqualified from possessing a firearm?*
> **DEFENDANT MORANT**: *Yes, ma'am.*

ECF No. 77 at 41-42 (emphasis added). Therefore, Defendant's arguments that he did not know of the knowledge-of-status element of § 922(g) is disproved by the facts of the case. For these reasons, the Government's motion for summary judgment on the *Rehaif* grounds of Defendant's § 2255 motion is granted, and these grounds are dismissed.

## IV. Conclusion

As South Carolina robbery is a violent felony under the ACCA force clause, Defendant has more than three predicate offenses, committed on separate occasions, as required under the ACCA and remains an Armed Career Criminal.[6] Further, Defendant's arguments pursuant to *Rehaif* are belied by the facts of the case. Therefore, the Government's motion for summary judgment is granted in full, and Defendant's § 2255 motion is dismissed with prejudice.

---

[6] The court declines to address the Government's other arguments for dismissal.

**CERTIFICATE OF APPEALABILITY**

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
October 7, 2020

9